IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH DINGLER | § | |
|     TDCJ-CID #1192066, | § | |
|         Plaintiff, | § | |
| V. | § | C.A. NO. C-06-212 |
| | § | |
| TDCJ, | § | |
|         Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF TRANSFER

Plaintiff filed a letter requesting emergency injunctive relief against TDCJ officials, claiming his life is in danger (D.E. 1).  Plaintiff allleges TDCJ officials are committing violations of the federal criminal and civil laws and violating his rights under the United States Constitution.  As plaintiff is no doubt aware, criminal charges are filed through the United States Attorney, and plaintiff is referred to the United States Attorney to pursue his criminal complaint. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973) (private citizen "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"); *United States ex rel. Savage v. Arnold*, 403 F.Supp. 172 (E.D. Penn. 1975) (criminal complaints cannot be filed by private citizens and must be referred to the United States Attorney); *United States v. Panza*, 381 F.Supp. 1133 (W.D. Penn. 1974) (private citizen cannot file criminal charges without consent of the United States Attorney).

Plaintiff contends he is not filing suit pursuant to 42 U.S.C. § 1983, but he does seek injunctive relief from the court for violations of rights protected by the Constitution.  Because of

the nature of the relief sought, plaintiff's letter was appropriately filed as a lawsuit for injunctive relief pursuant to 42 U.S.C. § 1983.

Plaintiff is presently incarcerated at TDCJ-CID's Darrington Unit in Rosharon, Texas. Venue in federal question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The alleged events giving rise to plaintiff's claim occurred in Rosharon, Texas. Rosharon is located in Brazoria County, which is in the Galveston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(1). A district court has the authority to transfer a case in the interest of justice to another district or division in which the action might have been brought. 28 U.S.C. §§ 1404, 1406; <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1998). Because the events which gave rise to plaintiff's claim occurred in the Galveston Division and the defendants and witnesses are located in the Galveston Division, a transfer of this case to the Galveston Division of the Southern District of Texas is in the interests of justice.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Southern District of Texas, Galveston Division.

ORDERED this 31st day of May, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE